## THE YOUNGSTOWN WELDING AND ENGINEERING COMPANY

vs.

## PETROLEUM HEAT AND POWER COMPANY

Superior Court          Fairfield County          File #54160

MEMORANDUM FILED FEBRUARY 18, 1938.

Saltman & Weiss, of Bridgeport, for the Plaintiff.

Cummings & Lockwood, of Stamford, for the Defendant.

CORNELL, J.   The complaint alleges that the defendant on February 14, 1931 placed an order in writing with plaintiff for the manufacture and delivery of "500—#50036 Boiler Generator Units for hot water or steam as per our plans and specifications furnished," at a stipulated price per unit.   It was specified that 25 of these were to be made by hand and 100 by plaintiff's regular production methods, and shipped as quickly as possible, "balance to be shipped as required."

It is alleged that the plaintiff delivered to the defendant 226 of the units, but the defendant "has failed and refused and still refuses to give the plaintiff shipping instructions for the remaining 274 units and since more than a reasonable time has elapsed since the order was placed, it has breached its contract.

The demurrer attacks the sufficiency of this statement of

the cause because "it is not alleged . . . that defendant at this time requires in its business, or has required in its business, at any time subsequent to the execution of said order . . . said 274 . . . units or any one of them".

It is evident from the argument that the parties are at odds concerning the intention expressed in the phrase "balance to be shipped as required". The defendant contends that the phrase "as required" is synonomous with the phrase "as needed" and that no obligation can arise upon defendant's part to direct shipment of the 274 units or any part of them until it has need for them, the arising of which latter circumstance is a condition precedent to the existence of any obligation on its part with respect to such balance. The plaintiff maintains that the phraseology in question is synonomous with "as asked for", or "as directed" and hence connotes an existing obligation to accept such balance of the units within a reasonable time if no shipping instructions be given prior to the lapse of such a period.

It thus appears that an ambiguity exists in the memorandum, with respect to the sense in which the phrase "as required" is used. Among the other factors to be taken into account, therefore, in determining the intention of the parties is a consideration of the writing in the light of the situation of the contracting parties. *Perkins vs. Eagle Lock Co.*, 116 Conn. 658, 663. That, of course, is not revealed in the complaint and can only be learned from a trial of the issues.

Demurrer overruled.